**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3479 |
| Plaintiff - Appellee, | D.C. No. 2:19-cv-05432-DJH |
| v. | MEMORANDUM[*] |
| STEPHEN M. KERR, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted May 19, 2026
Phoenix, Arizona

Before: GOULD, M. SMITH, and HURWITZ, Circuit Judges.

Stephen M. Kerr ("Kerr") appeals a district court judgment concerning civil

penalties assessed by the Internal Revenue Service ("IRS") for failure to file

"Reports of Foreign Bank and Financial Accounts" ("FBARs") for 2007 and 2008.

*See* 31 U.S.C. §§ 5314, 5321(a)(5); 31 C.F.R. § 1010.350(a).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.    The IRS timely assessed approximately $3.8 million in civil penalties against Kerr in May 2014, following his criminal conviction for failure to file the FBARs. *See* 31 U.S.C. § 5321(b)(1) (providing a six-year statute of limitations for the assessment of civil penalties).[1]  In summary judgment proceedings before the district court, the IRS admitted to a calculation error in the statutory maximum penalties assessed.  The IRS agent who assessed the FBAR penalties mistakenly believed that June 30 account balances were not available in the record and calculated most penalties using the balances closest in time, often the end-of-year reported balances.  *See* 31 U.S.C. § 5321(a)(5)(C)(i), (D)(iii); 31 C.F.R. § 1010.306(c) (statutory maximum penalties are calculated using the account balance on June 30th of the following year).  However, the IRS later discovered that the June 30 balances were available, and the district court remanded to the IRS to recalculate most of the penalties.  The recalculated penalties amounted to approximately $1.9 million, and after remand, the court entered judgment in the amount sought.

Kerr argues that the district court did not have discretion to remand the penalties without also vacating the original FBAR assessments under the Administrative Procedure Act ("APA").  He also argues that if vacatur had been

---

[1] Kerr agreed to extend the statute of limitations for the 2007 FBAR penalty in order to administratively appeal the assessments.  After Kerr's administrative appeal was rejected, the IRS sued to collect the penalty amounts.  31 U.S.C. § 5321(b)(2).

granted, the statute of limitations bars the IRS's recalculated FBAR penalties post-remand.

2.  We review a district court's choice of remedy for abuse of discretion. *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 50 (9th Cir. 2025).  The district court did not abuse its discretion when it remanded the miscalculated FBAR penalties to the IRS for recalculation without vacating the underlying assessments. Although the default remedy for unlawful agency action is vacatur and remand, federal courts have discretion to decline vacatur "when equity demands."  *Id.* (citation omitted).  Equity so demanded here.  There is no dispute that Kerr is liable for the penalties and that the IRS simply miscalculated the amount owed.  Kerr asserts only that vacatur would have extinguished all liability, because the statute of limitations to assess new penalties would have run.  Whatever the merits of that argument, vacatur would have at least posed the risk that the government would forfeit significant revenue to which it was entitled, and Kerr would have reaped a windfall.  Equity abhors forfeitures and windfalls alike.  *See Jones v. N.Y. Guar. & Indem. Co.*, 101 U.S. 622, 628 (1879); *Bangor Punta Operations, Inc. v. Bangor & A. R. Co.*, 417 U.S. 703, 716 (1974).  The potential "disruptive consequences" of vacatur were therefore "great enough to warrant remand without vacatur."  *Solar Energy Indus. Ass'n v. FERC*, 80 F.4th 956, 997 (9th Cir. 2023); *see also Haaland*, 127 F.4th at 52 (considering "the economic impacts" of vacatur); *W. Oil & Gas Ass'n*

3                                                                          25-3479

*v. EPA*, 633 F.2d 803, 813 (9th Cir. 1980) (declining vacatur "to avoid thwarting" the operation of federal law).

Furthermore, both we and the Eleventh Circuit have held that a remand for recalculation is a proper remedy in this precise context. *See United States v. Hughes*, Nos. 23-15712, 23-15713, 2024 WL 3887388, at *2 (9th Cir. Aug. 21, 2024); *United States v. Schwarzbaum* ("*Schwarzbaum I*"), 24 F.4th 1355, 1365 (11th Cir. 2022) ("Given the agency's error, the district court should have remanded Schwarzbaum's FBAR penalties to the IRS for recalculation.").

3. We also reject Kerr's argument that the recalculated penalties constituted "new" FBAR assessments that would be time-barred under the statute of limitations. The remand was only for the IRS to recalculate penalties that were otherwise timely-assessed. *See Schwarzbaum I*, 24 F.4th at 1367 ("The remand we now direct is not for the IRS to issue new penalties, but for it to recalculate the penalties it has already assessed."); *United States v. Schwarzbaum*, 127 F.4th 259, 286–87 (11th Cir. 2025) (rejecting the argument that the statute of limitations barred recalculated FBAR penalties post-remand); *Hughes*, 2024 WL 3887388, at *2 (remanding to IRS "does not start the process over again" for FBAR assessments).

4. Because the additional proposed materials are irrelevant to our decision, we deny Kerr's Motion to Correct and Supplement the Record (Dkts. 34, 35).

**AFFIRMED.**